**Petitioner:**
Malik Asad Bey    Ex Relatione: RAFAEL KINYATEE
312 N. Temple Avenue
Indianapolis, IN
Indiana State
46201

**FILED**
**SEP 26 2016**
**U.S. CLERK'S OFFICE**
**INDIANAPOLIS, INDIANA**

**U.C.C. 1-207/1-308**
**LEGAL NOTICE OF REMOVAL**
**FROM MUNICIPAL COURT TO FEDERAL COURT**
**PURSUANT TO TITLE 28 § 1441-§1446**
**PROPER ARTICLE III JURISDICTION**

**Respondents:**
State of Indiana
Marion County Circuit Court
Prosecutor CSED
Indiana Child Support Bureau

**1  16-cv- 2556 TWP -DKL**

ORIGINAL JURISDICTION
"MINISTERSCONSULS DIPLOMATS"
Article III Section 2; Article VI
United States Republic Constitution
Treaty of Peace and Friendship
"Established Law of the Land"

Federal Question(s):
**Constitution, Treaty;**
**Religious Liberty;**
**Due Process;**
**Supreme Court Rulings**

MALIK ASAD BEY, A Natural Person, In Propria Persona, Sui Juris (not to be confused with nor substituted with Pro Se); and not a Statutory Person.

Official Notice is hereby served on the State of Indiana Superior Court; all Judicial Sub-Divisions; Officials; Agents; and above named Plaintiff-all cases and Jurisdiction/Venue moved to Federal Court. All Matters, Complaints, Traffic Tickets/ Suits, Citations/ Bills of Exchange (misrepresented as lawful warrants, etc.), must be filed with Federal Court, pursuant to Jurisdiction named hereinafter.

**I.**

**JURISDICTION**

Jurisdiction/Venue are hereby placed in one Supreme Court pursuant to Article III Section 2 for the United States Republic, and the several States, under the Constitution; Article VI; and reaffirmed by obligatory Official Oaths.

"The judicial Power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdictions;--to controversies to which the United States shall be a party;--to controversies between two or more states;--between a state and citizens of another state;--between citizens of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects."
In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party, the Supreme Court shall have original jurisdiction.  In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make.

COMES NOW, MALIK ASAD BEY, in Propria Persona, Sui Juris (not to be confused with Pro Se), Aboriginal Indigenous Moorish-American; possessing Free-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac Constitution, with all due respect and honors given to the Constitution for the United States Republic, North America.  Being a descendant of Moroccans and born in America, with the blood of the Ancient Moabites from the Land of Moab, who received permission from the Pharaohs of Egypt to settle and inhabit North-West Africa/North Gate.  The Moors are the founders and are the true possessors of the present Moroccan Empire; with our Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes.  Our dominion and inhabitation extended from Northeast and Southwest Africa, across the Great Atlantic, even unto the present North, South and Central America and Adjoining Islands-bound squarely affirmed to   the treaty of peace and friendship of by THE TREATY OF PEACE AND FRIENDSHIP OF EIGHTEEN HUNDRED AND THIRTY SIX (1836) A.D. between Morocco and the United States <u>(http://www.yale.edu/lawweb/avalon/diplomacy/barbary/bar1866t.htm or at Bevines Law Book of Treaties)</u> the same as displayed under Treaty Law, Obligation, Authority as expressed in Article VI of the Constitution for the United States of America (Republic):

### THE TREATY OF PEACE AND FRIENDSHIP OF 1836 A.D.
### Between Morocco and the United States
### Article 20

<u>"If any of the Citizens of the United States, or any Persons under their Protection, shall have any disputes with each other, the Consul shall decide between the Parties, and whenever the Consul sdhall rewuire any Aid or Assistance from our Government, to enforce his decisions, it shall be immediately granted to him."</u>

<u>"If any Citizen of the United States should kill or wound a **Moor**, or, on the contrary, if a **Moor** shall kill or wound a Citizen of the United States, the Law of the Country shall</u>

<u>take place, and equal Justice shall be rendered, the Consul assisting at the Trial, and if any Delinquent shall make his escape, the Consul shall not be answerable for him in any manner whatever.</u>"

## II

## PARTIES

<u>Respondents</u>

1. STATE OF INDIANA, COUNTY OF MARION, private corporation; foreign to the United States Republic; and all Employees; Agents; Officers; Contractors; Assignees, etc., being Plaintiffs, Claimants, or Parties of interest in the 'Color-of–Law' processes instituted by them, or any one of them, against MALIK ASAD BEY
2. Marion County Child Support Prosecutor, Megan Smith #31518-32
3. Marion County Child Support Division
4. STATE OF INDIANA, a corporation established in the year <u>Eighteen Sixteen (1816),</u> foreign Republic of North America

<u>Petitioner</u>

1. MALIK ASAD BEY, In Propria Persona, Sui Juris (not to be confused with Pro Se) Aboriginal, Indigenous Moorish American National

I, MALIK ASAD BEY, In Propria Persona, Sui Juris; Aboriginal, Indigenous Moorish American National, Freehold by Inheritance with Birthrights and protected and secured Inalienable Rights, makes with this NOTICE OF REMOVAL of the unconstitutional Complaint – Summons of Debt/Ticket-Suit/Bill of Exchange/Action. Petitioner is with reasonable expectation that the Judge, Agents, and Officials, holding any position of Public Trust, or political office, are prohibited, under Official Oath, under the authority of The Law of the Land, from the use of official position(s) or office(s) to violate the Constitution of the UNITED STATES OF AMERICA; and thus, by the abuse of authority, and the practice of superseding their "limited" jurisdictional powers, violate and abridge the Natural, Divine, Unalienable, and Secured Rights of the People; terminating with the cause of damage to this Petitioner.

## III.

## CAUSE OF ACTION

The Marion County Circuit Court is an unconstitutional, private corporation, not delegated by Congress, under Article III, Section 2 of the Constitution; and does not, and did not provide 'Due Process' protected and secured for the People, by the Amendments IV, V, VI, VII, VIII, IX, and X of the United States Constitution, to which the Judges and

Officers in every State is bound (by Official Oath) to support and to uphold. Any statutory regulation, ordinance, or laws of any State, to the contrary, notwithstanding.

This allegedly debt-owing Petitioner believes that in accord with the Substantive Rights retained by the Petitioner, notifying all parties of the Petitioner's Moorish American Identification/Status, and that the
Petitioner was not, is not, and does not, waive the Inalienable Rights to due process; and affirmed that any action be adjudicated in a lawfully delegated jurisdiction and venue.

**The Administrator(s)** of STATE OF INDIANA commanded that the Petitioner Pay Child Support. Imposed under threat, duress and coercion with a 'man-of-straw'/misnomer word, misrepresented as implying my name, and typed upon the Order/ Instrument, and was improperly spelled, "RAFAEL KINYATEE" in ALL CAPITAL LETTERS. That misnomer and CORPORATE-NAME, "RAFAEL KINYATEE" is clearly an artificial entity; is not me, the Natural Person; is a deliberate grammatical error, intended for injury to me; and is clearly not of consanguine relationship to me or to my nationality, in any form, truth, or manner,; nor to my Moorish Family Bloodline. This is a violation of my secured rights to my name and nationality; a violation of International Law; and a violation of the Obligations of the Officers of the Court; and a violation of their fiduciary duties and Official Oaths to uphold and to support Article VI of the United States Constitution; and thus, violating my Substantive Rights, and the Articles of Part I of *'The Rights of Indigenous People'*
(**http://en.wikisource.org/wiki/Draft:United_Nations_Declaration_on_the_Rights_of _Indige…**) as follows:

"Indigenous People have the right to a full and effective enjoyment of all human rights and fundamental freedoms recognized in the Charter of the United Nations, The Universal Declaration of Human Rights; and International Human Law."

Article 5 of the *Rights of Indigenous People*

"Every indigenous individual has the right to a Nationality."

Article 15 of the *Declaration of Human Rights*
**(http//www.un.org/Overview/rights.html)**

"Everyone has a right to a nationality. (2) No one shall be arbitrarily deprived of his nationality nor denied the right to change his name."

The MARION COUNTY CIRCUIT COURT OF INDIANA in contracting with the MARION COUNTY IVD, PROSECUTOR CSED has unconstitutionally ordered Malik Asad Bey Ex Relatione: RAFAEL KINYATEE (strawman) to pay federal reserve notes to a for-profit commercial agency (Title IVD) as debt for an existant non-contractual agreement for child support.

15 USC 1692a §803(5): The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

The STATE OF INDIANA, COUNTY OF MARION, The MARION COUNTY CIRCUIT COURT and the MARION COUNTY IVD PROSECUTOR CSED are private contracting agencies not delegated by congress under Article III, Section 2 of the United States Constitution to impose child support orders (per cause #'s ISETS 6868697 (49C011104RS016062 and 49D060709R039260) upon Malik Asad Bey whom is in Propria Persona, Sui Juris and whom is not a Fourteenth Amendment Corporate Person per my public, on the record, Declaration of my right to a nationality and to change my name as so indicated in Article 5 of *The Rights of Indigenous People* and Article 15 of *The Declaration of Human Rights* quoted above.

The INDIANA CHILD SUPPORT BUREAU, the MARION COUNTYNIVD PROSECUTOR CSED, and the MARION COUNTY CIRCUIT COURT do not have contractual jurisdiction pursuant to U.C.C. Section 3-401:1 Official Code Consent: "No one is liable on an instrument unless and until they have signed it." Pursuant to 45 C.F.R. 303.5 (Establishment of Paternity) for all cases referred to the IVD agency in this chapter the title IVD agency must: (IV) "File signed original document of voluntary acknowledgement of paternity with the State.
(4). The state must require that a voluntary acknowledgement be SIGNED by both parents.

I, Malik Asad Bey, In Propria Persona, Sui Juris, by Moorish American birthright and being previously identified by the Union Society of America-U.S.A. The STATE OF INDIANA under the colorable; name RAFAEL KINYATEE has corrected that nomen per Article 15 of the United Nations the facilitators corporate straw man RAFAEL KINYATEE did not contractually sign birth certificate of acknowledgement of paternity in case #49C011104RS016062, nor in case #49D060709DR039260 and therefore Malik Asad Bey is not subject to Title IV-D of contractual jurisdiction Title IV-D jurisdiction is only applicable to applicants that are currently receiving title IV-D services from the State such as welfare/TANF. Title IV-D is COLLECTION for Title IV-A expenditures (welfare) of which neither party of the cases stated above are receiving. This fact precludes PETITIONER from Title IV jurisdiction. "The law provides that once State and Federal Jurisdiction has been challenged it must be proven." Main v. Thiboutot 100 S.Ct. 2502 (1980). "There is no discretion to ignore that lack of jurisdiction." Joyce v. U.S. 474 D F2d 215. "A universal principle as old as the law is that a proceeding of a court without jurisdiction is a nullity and its' judgment therein without effect either on person or property." Norwood v. Renfield, 34; C 329; Ex parte Giambonimi 49 P. 732

Therefore, Congress only intended to give states the ability to recoup welfare funds expended to custodial parents. The courts have consistently ruled that Title IV-D creates no enforceable rights for needy families because they are not the intended beneficiaries of

the statute. See <u>Wehut v. Ledbetter</u>; mothers of children with absent fathers brought suit under §1983 against the Georgia Department of Health and Human Services for its' failure to establish the paternity of their children and secure child support on their behalf. The Eleventh Circuit held that "Title IV-D does not create enforceable rights on behalf of needy families with children because they are not the intended beneficiaries of the statute." The court reasoned that the primary purpose of Title IV-D was to recoup the State's welfare expenditures on behalf of needy families by collecting child support from absent parents. While the AFDC program staff was intended to benefit needy families with children, <u>Title IV-D was intended to benefit the public treasury and tax payers</u> by reducing the present and future welfare rolls. "The court pointed to the legislative history of Title IV-D."

See <u>Wilder,</u> 496 U.S. at 509-10, quoting Golden State Transit Corp. v Los Angeles, 493 U.S. 103, 106 (1989) id at 510. the court in Golden State suggested in dictum that a statute does not create enforceable rights if the benefit to the plaintiffs is merely incidental 493 U.S. at 109. Even if the court were to adopt such an exception to the enforceable rights analysis it would not affect the determination of whether Title IV-D creates enforceable rights on behalf of needy families with children.

See Blessing, supra U.S. at 343, 117 S.Ct. at 1361 17 L.Ed. 2d at 584. The United States Supreme Court found defendants' action did not assert a violation of federal right explaining: "The requirement that a state operate its' child support program in 'substantial compliance' with Title IV-D was not intended to benefit individual children and custodial parents, and therefore does not constitute a federal right. Far from creating an individual entitlement to services, the standard is simply a yardstick for the Secretary to measure the system wide performance of a States' Title IV-D program. Thus, the Secretary must look to the aggregate services provided by the State, not to whether the needs of any particular person have been satisfied. In Carelli v. Howser, the Sixth Court noted, "Title IV-D established an elaborate system for providing mandated services, recapturing funds, meeting performance indicators and auditing State compliance" id at 1565.

Government is instituted for the protection, security and benefit of the people not the public treasury and taxpayers. Conclusively, the applicants in this case per the above indicated cause numbers have no guaranteed enforceable federal right to child support.

The 5th Amendment requires that all persons within the United States must be given due process of the law and equal protection of the law. The Petitioner claims full and equal protection of the Law in Marbury v. Madison 5 U.S. 137-"The Constitution of these United States is the Supreme Law of the Land. Any law that is repugnant to the Constitution, is null and void of law."

The unconstitutional judgment of child support being applied to the Petitioner is repugnant to the Constitution because it denies a right established and guaranteed in the 1st, 4th, 5th, 6th, 7th, 8th, 9th, and 10th Amendments, and in United States Supreme Court **'Stare Decisis'** so noted above where corporate for profit agencies adjudicate contrary.

Due Process as defined in H.C. Black's Law Dictionary 4th Edition. "Whatever difficulty may be experienced in giving to those terms a definition which will embrace every permissible exertion of power affecting private rights, and exclude such as is forbidden, there can be no doubt of their meaning when applied to judicial proceedings. They then mean a course of legal proceedings according to those rules and principles, which have been established in our systems of jurisprudence for the enforcement and protection of private rights." "To give such proceedings any validity, there must be a tribunal competent by its constitution—that is by the law of its creation—to pass upon the subject matter of the suit; and if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction obey service of process within the state or his voluntary appearance. Pennoyer v. Neff, 95nU.S. 733, 24 L.Ed. 565."

"Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved."

All orders or judgments issued by a judge in a court of limited jurisdiction must contain the findings of the court showing that the court has subject matter jurisdiction, not allegations that the court has jurisdiction. In re Jennings, 68 Ill.2d 125, 368 N.E.2d 864 (1977) ("in a special statutory proceeding an order must contain the jurisdictional findings prescribed by statute.")

In Interest of M.V., 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997). Without subject matter jurisdiction, all the orders and judgments issued by a judge are **void** under law, and are of no legal force or effect.nn
In interest of M.V., 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997) ("Every act of the court beyond that power is void").

The petitioner asserts, Midland Coal Co. v, Knox County, 268 Ill.App.3d 485, 644 N.E.2d 796 (4th Dist. 1994) ("Special statutory jurisdiction is limited to the language of the act conferring it, and the court has o powers from any other source"...) The "language of the act" the respondents confer upon "has no powers from any other source" Midland Coal Co. v. Knox County, Ibid, no evidence on it's face of valid law, as it lacks the mandatory enacting clause.

That the purpose of thus prescribing an enacting clause—"the style of the acts"—is to establish it; to give it permanence, uniformity, and certainty; to identify the act of legislation as of the general assembly; to afford evidence of its legislative statutory nature; and to secure uniformity of identification, and thus prevent inadvertence, possibly mistake and fraud. State v. Patterson, 4 S.E. 350, 352, 98 N.C. 660 (1887); 82 C.J.S. "Statutes," § 65, p. 104; Joiner v. State, 155 S.E.2d 8, 10, 223 Ga. 367 (1967).

"That the almost unbroken custom of centuries has been to preface laws with a statement in some form declaring the enacting authority. The purpose of an enacting clause of a

statute is to 'identify' it as an act of legislation by expressing on its face the authority behind the act." That for an enacting clause to appear on the face of a law, it must be recorded or published with the law so that the People can readily identify the authority for that particular law.

That "It is necessary that every law should show on its face the authority by which it is adopted and promulgated, and that it should clearly appear that it is intended by the legislative power that enacts it that it should take effect as a law." People v. Dettenthaler, 77 N.W. 450, 451, 118 Mich. 595 (1898); citing Swann v. Buck, 40 Miss. 270.

This Respondent (a court of limited jurisdiction), lacks the power to act and have proceeded beyond the strictures of the statutes, and that the statutes being applied are created from revised statutes and where they fail to show on their face, mandatory enacting clause. Said revised statutes and codes fail to show a necessary and mandatory enacting clause on their face, giving them lawful force and effect. Said revised statutes and codes are private codes and statutes and are not law, do not compel this Petitioner to perform and do not apply to him, and fail to show, "authority for the court to make any order." Midland Coal Co. v. Knox County, Ibid.

The Petitioner, demands all the rights under the U.C.C. based upon the status as a matter of due process of law.

The Petitioner is not subject to the jurisdiction of this corporate Respondent.

The Petitioner is Aboriginal/Indigenous within the meaning of the description of the Draft Declaration of the Inter-American Declaration of the Rights of Indigenous Peoples at Article 1

Definition:

"In this Declaration Indigenous Peoples are those who embody historical continuity with societies which existed prior to the conquest and settlement of their territories by Europeans..."

Indigenous people are separate and distinct; alien to this administration; and have a separate and distinct status from the administrators of the colonial occupiers of the land; as recognized in the Declaration on Principles of International Law of Friendly Relations and Cooperation Among States; wherein it does say under the Principles of Equal Rights and self determination of Peoples (B5): "The territory of a colony or other Non-Self Governing Territory has, under the Charter, a status separate and distinct from the territory of the State administering it..."

Colonial legislatures were divested of their legislative powers, and required to transfer jurisdiction and all powers over the cultural rights of indigenous and minority peoples to those peoples and prohibited from making any law that affects the rights of indigenous people to fully and effectively enjoy their right to self-determination in Article 5 of the

Declaration on the Granting of Independence to Colonial Countries and Peoples, Adopted by General Assembly resolution 1514 (XV) of 14 December 1960. See Article 5 to wit: "Immediate steps shall be taken, in Trust and Non-Self Governing Territories or all other territories which have not yet attained independence, to transfer all powers to the peoples of those territories, without any conditions or reservations, in accordance with their freely expressed will and desire…"

Colonial courts were divested of , and required to, transfer the judicative power and all power to the people of this territory, ibid.

See 'The American Declaration of the Rights and Duties of Man' (Adopted by the Ninth International Conference of American States Bogota, Colombia, 1948 at Article 5, Article 17, Article 26

The United States of America is required to obey the requirements of the Declaration on the Principles of International Law and to obey the principles of international law enumerated therein.

The Vienna Convention on the Law of Treaties requires that the United States of America fulfill its obligations incurred there under.

The United States of America is a member of the United Nations, and is bound by the Charter of the United Nations to promote and protect the Rights of Indigenous Peoples.

The Declaration of the Granting of Independence to Colonial Countries and People UN GA #1514 specifically required the United States of America to transfer *all power* to the peoples of this land, and this specifically includes all legislative, executive and judicial powers.

The State of Indiana through its commercial agencies has committed 'fraud' to accomplish what is called in legal contemplation, "Capitis Diminutio Maxima", which is that my natural name has been murdered and I was resurrected as a non-natural, created entity subject to regulation and denied the protections of national and international law. This constitutes Fraud and denies due process of the law and the Freedom from the Practices and Policies of Apartheid described in the International Convention on the Suppression and Punishment of the Crime of Apartheid Adopted and opened for signature, ratification by General Assembly resolution 3068 (XXVIII) of 30 November 1973 at Articles 1, 2 and 3, and the right not to be compelled to perform under any contract or agreement not entered into voluntarily, intentionally and knowingly.

**Executive Order Number: 13107,** 63, Federal Register, 68,991 (1998)- Implementation of Human Rights Treaties, which states, "It shall be the policy and practice of the Government of the United States, being committed to the protection and promotion of human rights and fundamental freedoms, fully to respect and implement its obligations under the international human rights treaties to which it is a party.

**Judicial officers have no immunity when they have no jurisdiction over subject matter.**

This court shall take mandatory Judicial Notice of the adjudged decision of the Supreme Court of the United States of Bradley v. Fisher 80 U.S. 335 (1871), 351,352 that officers of the court have no immunity when they have no jurisdiction over the subject matter. And further in Bradley v. Fisher on page 352 is as follows: "Where there is clearly no jurisdiction over the subject matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible."

Either subject matter jurisdiction exists or it doesn't. Where subject matter jurisdiction has been denied it must be proved by the party claiming that the court has subject matter jurisdiction as to all of the requisite elements of subject matter jurisdiction.

In light of my status the presumed debt against me must be brought before an Article III court as per the rules governing the Treaty of Peace and Friendship of 1787.

Therefore in accord with the official oath of the officers of this court et al that all fraudulently presented improperly serviced instruments as per bill of exchange/suits/ticket/complaints be dismissed, discredited and expunged from the record, etc.

"Lack of Federal Jurisdiction cannot be waived or overcome by agreement of parties". Griffin v. Matthews, 310 F supra 341, 342 (1969). "Want of Jurisdiction may not be cured by consent of parties". Industrial Addition Association v. C.I.R., 323 U.S. 310, 313.

"The State cannot diminish rights of the People." =Hurtado v. California, 110 U.S. 516

"The individual may stand upon constitutional rights. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the state or his neighbors to divulge his business or to open his door to an investigation, so far as it may tend to incriminate him. He owes no such duty to the state, since he receives nothing there from, beyond the protection of his life and liberty. His rights are such as existed by the Law of the Land, long antecedent to the organization of the state... He owes nothing to the public so long as he does not trespass upon their rights." Hale v. Henkel, 201 U.S. 43 (1905).

"The makers of the Constitution conferred, as against the government, the Right to be let alone; the most comprehensive of rights, and the right most valued by civilized men."=United States Supreme Court Justice Brandeis in Olmstead v. United States (1928).

Based on customary international laws, the 5th Amendment of the Constitution for the United States of America, which guarantees due process of the law and Article IV of the

same Constitution Section 1; Full Faith and Credit shall be given in each State to the public Acts, Records and judicial proceedings of every other state…

No person shall be denied the enjoyment of any civil or military right, nor be discriminated against in the exercise of any civil or military right, nor be segregated in the militia or in the public schools, because of religious principles, race, color, ancestry or national origin…

V.

**RELIEF**

**The Enforcement of the following:** The Divine Constitution and By-Laws of the Moorish Science Temple of America; The Moorish Nation of North America; Act VI: By being Moorish American, you are Part and Parcel of this said government and Must Live the Life Accordingly; Article VI of the United States Constitution Republic/ The Treaty of Peace and Friendship of EIGHTEEN HUNDRED and THIRTY-SIX (1836) A.D., classifies Moorish Americans as Federal citizens possessing Freehold by Inheritance Status-Truth A-1. See Article 3, Section 2 of 'The Constitution for the United States of America.

1) I, Malik Asad Bey, demand Due Process as protected by the Fourth (4th) and Fifth (5th) Amendments of the Constitution for the United States of America (Republic)
2) I, Malik Asad Bey, demand the United States Supreme Court stop these abuses of the colorable authority by the Respondents as it pertains to this Petitioner
3) I, Malik Asad Bey, demand this United States Supreme Court view this Petitioner (in my Proper Person) as a Moorish American National (Natural Born Citizen of the Land) and not as a (brand) NEGRO, BLACKMAN (person), COLORED, AFRICAN-AMERICAN, or any other SLAVE TITLE or 'nom de guerre' imposed upon me for misrepresentation 'Actions' or other acts of 'Misprision' that a misdirected society may "believe" to be true.
4) I, Malik Asad Bey, do not, under any condition or circumstance, by threat, duress, or coercion, waive any rights Inalienable or Secured by the Constitution or Treaty, and hereby requests the United States Supreme Court to fulfill their obligation to preserve the rights of this Petitioner (A Moorish American) and carry out their Judicial Duty in 'Good Faith' by ordering Respondents be brought before the Law to answer for their criminal and unjust actions of fraud and extortion per the RICO Act of 1970
5) ALL UNCONSTITUTIONAL Warrants-Summons/Ticket-Suit/(misrepresented) Bill of Exchange: #49C011104RS016062 and #49D060709DR039260, and any other 'Order' or 'Action' associated with them to be dismissed and expunged from the record on its face and merits;

      or, otherwise, be brought before a legitimately-delegated, and competent 'Court of Law' of international jurisdiction/venue.

6) Dismissal of non-contractual paternity child support orders of presumed "debt" per the Federal Trade Commission Fair Debt Collection Practices Act 811(A)(2)(A).

7) Any further notices of corporate extortion of federal reserve notes from Malik Asad Bey allows Petitioner legal remedy of suit against Respondents as commercial/corporate entities per Title 42 USC/28 USC 1746/18/USC 162/18 USC 241 and 242/42 USC 1985/ 18 USC 872 actionable under 42 USC 1983.

I declare, under the penalty of perjury, under the law of the UNITED STATES CODES that the above is true and correct to the best of my knowledge and honorable intent. September 26, 2016.

I AM _Malik Asad Bey_
Authorized Representative in Proper Persona
All Rights Reserved. U.C.C. 1-207/1-308/3-401/1-1-103