UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIK ASAD BEY ex relatione, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02556-TWP-DKL |
| ) | |
| STATE OF INDIANA, ) | |
| MARION COUNTY CIRCUIT COURT, ) | |
| PROSECUTOR CSED, ) | |
| INDIANA CHILD SUPPORT BUREAU, ) | |
| ) | |
| Respondents. ) | |

**ENTRY REMANDING ACTION TO STATE COURT**

The motion for leave to proceed *in forma pauperis* [dkt. 2] is **granted.**

Malik Asad Bey, who describes himself as "In Propria Persona, Sui Juris (not to be confused with Pro Se) Aboriginal, Indigenous Moorish American National," filed this Notice of Removal. It appears that he is seeking to remove two cases from the Marion County courts which he describes as a "Bill of Exchange": 1) *Lawanda Parker vs. Rafael Kinyatee,* case number 49C01-1104-RS-016062 (Marion Circuit Court) and 2) *In Re the Marriage of Misty Hall-Kinyatee and Rafael Kinyatee,* 49D06-0709-DR-039260 (Marion Superior Court, Civil Division 6). The first Case was filed by Petitioner Lawanda Parker against Respondent Rafael Kinyatte (also known as Malik Asad Bey) for reciprocal child support on April 26, 2011. The second Case was filed by Petitioner Misty Hall-Kinyatee against Respondent Rafael Kinyatee on September 14, 2007.

The Notice of Removal was ineffective. First, it is improper to remove two separate cases through the same Notice. Second, the removal of both actions is untimely and fails to comply

with 28 U.S.C. § 1446(a) because a copy of the initial pleading setting forth the claim for relief upon which the action is based was not filed. Third, Malik Asad Bey lists himself as the Petitioner and names Respondents who are not named as parties in either state court case. The Petitioners in the state court cases are not named in this action.

That said, this action is now summarily **REMANDED** (to the extent it was understood to be removed) because this court lacks subject matter jurisdiction over this action. It is well-established that the domestic-relations exception denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Friedlander v. Friedlander,* 149 F.3d 739, 740 (7th Cir. 1998).

In addition, the Seventh Circuit has "repeatedly rejected" theories of individual sovereignty and has instructed that such theories should be rejected summarily, however they are presented. *U.S. v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011)(citing cases, including *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law")). In other words, the petitioner is not entitled to any relief as a "In Propria Persona, Sui Juris (not to be confused with Pro Se) Aboriginal, Indigenous Moorish American National."

A separate order of remand, consistent with Rule 58 of the *Federal Rules of Civil Procedure*, shall now issue. This action is closed.

IT IS SO ORDERED.

Date: 10/3/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MALIK ASAD BEY
312 N. Temple Ave.
Indianapolis, IN 46201

Marion County Clerk's Office
200 E. Washington St., #W-122
Indianapolis, IN 46204